Robert Farris-Olsen
David K.W. Wilson, Jr.
MORRISON, SHERWOOD, WILSON & DEOLA, PLLP
P.O. Box 557
401 N. Last Chance Gulch
Helena, MT 59624-0557
(406) 442-3261 Phone
(406) 443-7294 Fax
rfolsen@mswdlaw.com
kwilson@mswdlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, HELENA DIVISION.

| | |
|---|---|
| CHARLES JANHUNEN and KANDACE KONOLA,<br><br>Plaintiffs,<br><br>v.<br><br>KEYSTONE RV COMPANY, D&D RV CENTER, LLC, and DOMETIC CORPORATION<br><br>Defendants | Cause No: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Comes now Plaintiffs Charles Janhunen and Kandace Konola, through counsel, and for his complaint against Keystone RV Company LLC (Keystone), D&D RV Center, LLC (D&D) and Dometic Corporation (Dometic), and states and alleges as follows:

### PARTIES

1. Plaintiffs Charles Janhunen and Kandace Konola reside outside Wise River, Beaverhead County (CHECK), Montana on rural land adjoining the Beaverhead National Forest.

1

2. Keystone RV Company LLC is a domestic limited liability company which, at the time of the RV purchase at issue here was registered and active and in good standing in Montana.[1] Keystone manufactured the RV at issue herein.

3. D&D RV Center, LLC is a Montana domestic limited liability corporation active and in good standing. Its agent and headquarters are in Helena, Lewis and Clark County, Montana. D&D sold the Plaintiffs the RV at issue herein.

Dometic is a corporation headquartered in Indiana that is not registered to do business in Montana. If manufactured the faulty RV furnace at issue herein.

## JURISDICTION AND VENUE

4. Plaintiffs bring claims under 15 U.S.C. § 2301, the Magnuson-Moss Warranty Act, which gives this Court jurisdiction by virtue of 28 U.S.C. § 1331. Jurisdiction is also appropriate under 28 U.S.C. § 1332 because Plaintiffs are citizens of Montana and Keystone is a citizen of Indiana

5. The Court has supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has jurisdiction over Keystone because Keystone does business in Montana, has a registered agent in Montana, Plaintiff purchased the vehicle at issue in Helena, Montana, and Plaintiff resides in Wise River, Montana.

7. Venue is appropriate in this district under 28 U.S.C. § 1391 because Plaintiff

---

[1] The Montana Secretary of State's website shows that its registration expired on April 15, 2024.

purchased the product at issue in Montana, giving rise to the claims asserted below.

## GENERAL ALLEGATIONS

8.     The Plaintiffs are retired. In 2023, they decided to purchase fifth-wheel camper trailer that they could reside in full time. They divide their time between their property outside Wise River, Montana, and then they go to Arizona in the winter. They went to D&D in Helena to look for the fifth-wheel.

9.     The Plaintiffs were looking for a trailer that they could live in full-time. They told the salesperson they wanted a full-time living option for their new trailer. He showed them two different types of Keystone Montana fifth-wheel trailers. The Montana 3901 RK fit what Plaintiffs were looking for. On the left of the door, there was a sticker that states "Four Season Living". The Plaintiffs purchased the trailer on July 21, 2023, after being reassured by the salesman that it met their needs.  The purchase price was $99,230. They also purchased a camera set-up for $1,697, and an extended warranty for $3,095. They took the trailer to their home in rural Wise River, Montana after their purchase

10.     The heater malfunctioned about a month later on or about August 31, 2023. Plaintiffs called the service department at D&D RV the next day. D&D RV told Plaintiffs that they could not repair the trailer until the day after Labor Day. At this time the service manager told Plaintiffs that he had a brand-new heater in stock and would replace it. When the repair was made on September 5, 2023, it was not a new

heater replacement, but rather they just replaced some parts that included the blower wheel.

11. The Plaintiffs left for Arizona in October 2023. It wasn't long after they arrived that the heater malfunctioned again. The Plaintiffs called D&D to let them know what had happened. They could not immediately bring it into D&D because they were over 1,000 miles away.

12. The Plaintiffs checked around to try to take it to dealers in Arizona, but they were all unable to look at the trailer for over a month. So, the Plaintiffs decided to call a RV mobile tech, at Hernandez Mobile RV, knowing that they would have to pay out-of-pocket for any repair made. The RV mobile tech informed them that the blower wheel was again melted and warped. He replaced the blower wheel in December 2023.

13. It was less than a month later when Plaintiffs had to call Hernandez Mobile RV again. Again, the blower wheel had to be replaced. This time, the service tech spoke with the Dometic representative who said that "the furnace isn't the problem, and the problem is in the RV itself."

14. Not three weeks later, the blower wheel melted and warped again This time Plaintiffs called D&D RV to set-up an appointment to bring it back to them because there obviously was a major problem with the heater.

15. The Plaintiffs scheduled an appointment on April 22, 2024. During this period, Plaintiffs were in contact with D&D RV and Keystone each time the heater

4

malfunctioned. D&D replaced the thermostat and the blower wheel on April 22nd, but the heater malfunctioned again in less than 24 hours.

16. Ultimately, on May 21, 2024, D&D replaced the entire heater with a new heater. But again, within two hours of the heater being turned on, the blower wheel warped and melted again.

17. Since then, Keystone and D&D have been discussing the issues and Plaintiffs have been informed by D&D that D&D "won't touch it" until Keystone sends a representative to Montana to inspect the unit. Most recently, the Plaintiffs were contacted by both D&D and Keystone. They were informed that D&D had taken out the damaged heater, put in new parts, and it is "working fine." However, to the Plaintiffs' knowledge, the heater is not yet returned to the trailer, nor have they been called to inform them the trailer is ready to pick up. The Plaintiffs were not given advance notice of this work, and it does not appear that Keystone had yet viewed the unit. Keystone asked for a call with the Plaintiffs, which has not occurred yet, and to Plaintiffs' knowledge, Keystone had not yet "inspected" the unit.

18. The Plaintiffs were told that the fireplace in the trailer could be used for heat by the service manager at D&D RV. The normal or intended use for the fireplace is not to be the main heat source for the trailer. Nevertheless, Plaintiffs have had to use the fireplace as well as two electric space heaters, to supply heat for the trailer. The heating system that was designed to heat the trailer hasn't worked reliably since the

purchase. While D&D and Keystone have been "discussing" the issue; Plaintiffs are still without the use of the heat in the trailer.

19.     The trailer has been unsafe due to the extreme heat that it takes to melt and warp a blower wheel (which has happened five times) and the heater has been a major problem that D&D RV, Dometic and Keystone have had a reasonable amount of time to fix. Besides having a major problem, the trailer has also experienced minor problems, such as the refrigerator needing to be fixed after it was first purchased and the water pump having to be replaced by the mobile RV tech in Arizona. D&D RV and Keystone are well aware of all that they have experienced.

20.     The Plaintiffs have been harmed by Defendants' actions. Their damages include, but are not limited to, cost of the fifth-wheel, lost benefit of the fifth-wheel's warranty, emotional distress, lost use of the fifth-wheel, incidental damages and substantial aggravation and inconvenience.

21.     Plaintiffs have had to hire an attorney to pursue this matter.

## COUNT ONE – MONTANA CONSUMER PROTECTION ACT

22. The previous paragraphs are realleged as though set forth in full hereunder.

23. The Montana Consumer Protection Act ("MCPA") prohibits unfair or deceptive acts or practices in trade or business. § 30-14-103, MCA.

24. Plaintiffs purchased the fifth-wheel for personal, household and family purposes. Plaintiffs are "consumers" under the MCPA.

25. Defendants were engaged in "trade or commerce" under the MCPA.

6

26. Defendants' unfair and deceptive acts and practices include, but are not limited to:

    a. Selling Plaintiffs a defective fifth-wheel;

    b. Failing to repair it in a timely manner;

    c. Failing to honor the express warranties;

    d. Representing that the fifth-wheel was four-season;

    e. Representing that the fifth-wheel could be used year round; and,

    f. Violating the implied warranties.

27. Defendants are in violation of the MCPA, and pursuant to § 30-14-133, MCA, Plaintiffs are entitled to their actual damages plus interest, up to three times actual damages, equitable relief as the Court deems appropriate, and attorney's fees.

28. Plaintiffs are entitled to statutory interest pursuant to § 25-9-205, MCA.

## COUNT TWO – NEGLIGENT MISREPRESENTATION
### (as to Defendant D&D)

29. The previous paragraphs are realleged as though set forth hereunder.

30. Defendant D&D made representations to Plaintiffs that the fifth-wheel was in good working condition and was merchantable, could be used to live in, and that it was useable for four seasons and as place to live year-round.

31. These representations were untrue.

32. D & Ds should have known these representations were untrue.

33. Plaintiffs relied on D & D's representations.

34. Plaintiffs sustained damage because of their reliance on D & D's representations.

35. Plaintiffs are entitled to damages for D & D's negligent misrepresentations.

### COUNT THREE—BREACH OF WARRANTY

36. The previous paragraphs are realleged as though set forth hereunder.

37. Plaintiffs purchased a new RV that is not fully functional because of the faulty heater system.

38. Defendants breached the written warranties of sale and the implied warranties accompanying sale and repair, and such breaches are actionable under the Uniform Commercial Code and contract law.

39. Plaintiffs are entitled to damages for Defendants' breach of warranty.

### COUNT FOUR—MAGNUSON-MOSS WARRANTY ACT

40. The previous paragraphs are realleged as though set forth hereunder.

41. Plaintiffs are purchasers of a consumer product.

42. Plaintiffs are "consumers" under 15 U.S.C. §§ 2301(3).

43. Defendants are "warrantors" under 15 U.S.C. §§ 2301(5).

44. Defendants have failed to comply with the express and implied warranties as to the RV and have breached the provisions of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et. seq.*

45. Defendants are therefore liable to Plaintiff for their actual damages, their costs and expenses incurred in bringing this suit, as well as their attorney fees and punitive damages under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d).

### COUNT FIVE —BREACH OF CONTRACT

46. The previous paragraphs are realleged as though set forth in full hereunder.

47. The fifth-wheel is a "good." § 30-2-105(1), MCA.

48. Plaintiffs and D&D had a contract for the sale and purchase of the RV.

49. Sale of the RV is subject to the Uniform Commercial Code (U.C.C.) because it involved a contract for sale of a good. § 30-2-106(1), MCA.

50. A consumer/buyer may reject goods for nonconformity. § 30-2-601(a), MCA.

51. The fifth failed to conform to the contract.

52. Plaintiffs rejected the RV for nonconformity.

53. Plaintiffs are entitled to damages based on their rightful rejection.

## COUNT SIX – PUNITIVE DAMAGES

54. The previous paragraphs are realleged as though set forth in full hereunder.

55. As set forth above, the Defendants engaged in actual malice, in that they had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiffs and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to them or acted with indifference to the high probability of injury to them.

56. As set forth above, Defendants engaged in actual fraud.

57. The Defendants are liable to Plaintiffs for punitive damages, pursuant to §§ 27-1-220 & 221, MCA.

WHEREFORE, Plaintiffs pray for Judgment against Defendants:

1. For actual damages and statutory damages in an amount to be determined at trial;

2. For treble actual damages pursuant to the MCPA;

3. For attorney fees pursuant to the MCPA and Magnuson Moss Warranty Act;

4. For interest on damages pursuant to § 25-9-205, MCA;

5. For general damages in an amount to be determined at trial;

6. For punitive damages in an amount to be determined at trial;

7. And for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to M. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of the issues triable by right by jury.

Dated: August 19, 2024            Respectfully Submitted,

**MORRISON SHERWOOD WILSON & DEOLA**

/s/ David K. W. Wilson, Jr.
David K. W. Wilson, Jr.
Morrison Sherwood Wilson & Deola PLLP
*Attorneys for Plaintiffs*